IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JAMES K. TRACY,<br><br>　　　　　Plaintiff,<br>v.<br><br>WEBER COUNTY et al.,<br><br>　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PRELIMINARY HEARING<br><br>Case No. 1:23-cv-90 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　Plaintiff James K. Tracy who is proceeding pro se, moves the court for a preliminary hearing pursuant to Fed. R. Civ. P. 12(i).[1] In his Complaint, Mr. Tracy alleges Defendants have deprived him of his state and federal constitutional rights and have violated a variety of state and federal laws by assessing a property tax against his property. Defendants move to dismiss the Complaint under Federal Rule 12(b)(1), or alternatively Rule 12(b)(6), and Mr. Tracy seeks a hearing on the Motion to Dismiss. Plaintiff also moves the court to order a Rule 26(f) conference and require Defendants to file an Answer. For the reasons set forth herein, the court denies Plaintiff's Motion.

　　　　Plaintiff argues the court should hold a hearing to determine Defendants' defenses regarding subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). In support Mr. Tracy relies on Fed. R. civ. P. 12(i) which provides:

> If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.[2]

---

[1] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. §636(b)(1)(C). (ECF No. 19.)

[2] Fed. R. Civ. P. 12(i).

According to Plaintiff, because Defendants move to dismiss under Rule 12(b)(1) or Rule 12(b)(6), then a hearing is necessary as he "must be heard."

Plaintiff also cites to numerous cases that allegedly support this proposition. For example, Mr. Tracy cites to *Budde v. Ling-Temco-Vought, Inc.*, where the Tenth Circuit stated: "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."[3] Plaintiff admits, however, that he is unsure whether Defendants' motion to dismiss is a facial attack or a factual attack. In their opposition to Plaintiff's motion, Defendants acknowledge that their motion is a facial attack on Plaintiff's Complaint, and this undermines a need for discovery or a hearing.

Under Fed. R. Civ. P. 12(b)(1) a party may move to dismiss a claim for lack of subject-matter jurisdiction via a facial or factual attack. "A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction. A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction."[4] In reviewing a factual challenge to jurisdiction, a court may in its discretion, choose to "allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts."[5] Yet, when considering a facial attack, "the district court must accept the allegations in the complaint as true."[6]

Because Defendants make a facial attack the court need not hold an evidentiary hearing.[7] Moreover, Rule 12(i) does not mandate a hearing either. It simply provides that certain Rule 12

---

[3] 511 F.2d 1033, 1035 (10th Cir. 1975)

[4] *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (citations omitted).

[5] *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (citation omitted).

[6] *Id.*

[7] The court notes that even when a factual challenge to jurisdiction is made by a party, a hearing is still within the court's discretion.

motions "must be heard and decided before trial unless the court orders a deferral until trial."[8] Being "heard" does not equate to an evidentiary hearing or oral hearing on Defendants' motion.[9] Due process also does not require such a hearing.[10] This principle is contained within the Local Rules' requirement that a party "must show good cause" to warrant oral argument. Plaintiff has not demonstrated good cause and the litany of cited cases Plaintiff relies on are unpersuasive. A hearing on Defendants' motion is unnecessary.

Finally, the court declines Plaintiff's request to hold a Rule 26(f) conference and require Defendants to file an Answer. The Order to Propose Schedule entered by the court specifically excludes holding a Rule 26(f) conference when a dispositive or Rule 12(b) motion is pending and directs parties to file a proposed schedule "within fourteen (14) days after the court issues its ruling on the motion."[11] Furthermore, Rule 12(a)(4) changes the filing period for an Answer when such a motion is filed.

Plaintiff's Motion therefore is DENIED.

IT IS SO ORDERED.

DATED this 19 October 2023.

_____
Dustin B. Pead
United States Magistrate Judge

---

[8] Fed. R. Civ. P. 12(i).

[9] Greene v. WCI Holdings Corp., 136 F.3d 313, 316 (2d Cir. 1998) ("Every circuit to consider the issue has determined that the "hearing" requirements of Rule 12 and Rule 56 do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court."); Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 391 (6th Cir.1975) (Federal Rules do not require oral hearing on motion to dismiss); see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 910, 110 S.Ct. 3177, 3200, 111 L.Ed.2d 695 (1990) (Blackmun, J., dissenting) (noting that "[t]he Courts of Appeals consistently have recognized ... that Rule 56 does not necessarily contemplate an oral hearing").

[10] See id.

[11] Order to Propose Schedule p. 5, ECF No. 8.