James K. Tracy
1939 S 2650 W
West Haven, UT 84401
Email: jamesktracy@gmail.com

FILED
2024 JAN 17
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES K. TRACY, *Plaintiff,* v. WEBER COUNTY, et. al., *Defendants.* | PLAINTIFF'S MOTION TO EXPEDITE THESE PROCEEDINGS *pursuant to* 28 U.S.C. § 1657(a) <br><br> Chief Magistrate Judge Dustin B. Pead <br><br> Case No. 1:23-CV-00090-DBP |

Plaintiff, JAMES K.TRACY, hereby files this motion this pursuant to 28 U.S.C. § 1657(a) and moves this Honorable Court to grant this motion and expedite these proceedings as the merits of this case maintain federally protected right(s) guaranteed under the constitutions of the United States and Utah, respectively.

## I. INTRODUCTION

Plaintiff has filed a motion for leave to amend his complaint which has been fully submitted to this Court. Within the amended complaint, Plaintiff outlines numerous violations against Plaintiff's rights, by the Defendants, as secured by both the federal and Utah Constitutions. Plaintiff asks the Court to expedite these proceedings in regards to the Motion for Leave to Amend filed by Plaintiff (ecf. 27). This pending motion is fully submitted and is ripe for adjudication here.

## II.  ARGUMENT

The Court has broad discretion to control its own docket. *See generally, Beacon Theatres v. Westover* (1959) 359 U.S. 500, *Amer. Life Ins. Co. v. Stewart* (1937) 300 U.S. 203. Accordingly, this Court has long recognized that a district court possesses inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ; see also *United States v. Hudson,* 7 Cranch 32, 34, 3 L.Ed. 259 (1812). *Dietz v. Bouldin* (2016) 136 S. Ct. 1885, 1891.

Even so, the Federal Courts Civil Priorities Act (28 U.S.C. § 1657(a)) mandates that the district courts shall "expedite the consideration of any action . . . if good cause therefor is shown. For purposes of this subsection, 'good cause' is shown if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Ferguson v. FBI* , 722 F. Supp. 1137, 1144 (S.D.N.Y. Oct. 24, 1989) (quoting 28 U.S.C. § 1657(a)). "The Act encourages the courts to give special consideration to actions asserting federal rights. . . . In general terms, it appears to be proper for a party to move for expedited consideration under the Act." *Freedom Communications v. FDIC* , 157 F.R.D. 485, 486 (C.D. Cal. 1994). "The Text of subsection (a), notably the reference to a 'factual context,' suggests that Congress contemplated case-by-case decision making." *Id*. at 487

"Litigants who can persuasively assert that there is a special public or private interest in expeditious treatment of their case will be able to use the general expedition provision. . . . Thus a motion for expedited consideration is proper procedurally." *Id.* at 487 (quoting H. Rep. No. 98-985, at 4). The *Ont. Forest Indus. Assoc.* Court held that, "Congress has provided that 'good cause' is found where (1) a claim of right arises "under the Constitution of the United States or a Federal Statute . . . [and 2] in a factual context that a request for expedited consideration has merit." *Ont. Forest Indus. Assoc. v. United States*, 30 C.I.T. 1117, 1127 (Court of Int'l Trade Aug. 2, 2006). "In elucidating the 'good cause standard,' the legislative history of section 1657(a) provides that 'good cause' should be found: '[1] in a case in which failure to expedite would result in mootness or deprive the relief requested of much of its value, [2] in a case in which failure to expedite would result in extraordinary hardship to a litigant, or [3] actions where the public interest in enforcement of the statute is particularly strong.'" *Id.* (quoting H. Rep. No. 98-985, at 6 (1984), as reprinted in 1984 U.S.C.C.A.N. 5779, 5784 (footnotes omitted)).

Plaintiffs' First Amended Complaint includes causes of actions asserting constitutionally secured rights violations, such as breach of fiduciary duty and deprivation of due process rights under the Fifth and Fourteenth Amendments, as well as other state constitutional limits that the Defendants have exceeded. Moreover, as the Plaintiff emphasized in his amended complaint and in his reply brief in opposition to the Defendants opposition to Plaintiff's motion for leave to amend, he has raised facial constitutional challenges to the application of the State's revenue laws as they are being applied towards Plaintiff as unconstitutional. Therefore, so long as the Defendants improperly applied taxing scheme remains in effect, the infirmities identified in the Amended Complaint will persist.

Given the recurring nature of the violations raised in the Complaint, good cause exists to expedite this case: absent resolution, the violations complained of will continue to recur, impacting not just the Plaintiffs' property in this proceeding but also all landowners with property situated within the geographic boundaries of Weber County. If the Defendants are able to arbitrarily acquire interest and rights in all property owners property within the boundaries of Weber County under the guise and color of legitimate law, then the issues raised in this amended complaint will become moot or "the relief requested will be of little value."

Defendants have attempted to mischaracterize the nature of Plaintiffs' claims as circumventing the legislative intent under 28 U.S.C. § 1341 divesting this Court of subject matter jurisdiction and that this action is merely an alternative vehicle to the state court proceedings mandated under this statute. However, the United States Supreme Court has stated that this statute applies *only* to taxpayers protesting the payment of a legitimate tax. Plaintiff has sworn under the penalty of perjury that he is *not* a taxpayer and has no adequate remedy at law in the state courts. Additionally, Defendants have provided no evidence to refute this assertion, but continue to maintain that the Court is divested of subject matter jurisdiction.

 Given the importance of these questions to the determination of the case, and the complexity of this area of how the constitutional law is being applied, it is respectfully opined that expediting the determination of the motion for leave to amend will significantly aid the Court in the decisional process of the pending motion for leave to amend.

Plaintiff asks the Court to grant this motion to expedite the proceedings of the pending motion for leave to amend and issue its ruling and findings of fact and conclusions of law.

"Courts should discourage delay and insist upon prompt disposition of litigation. " *Sweeney v. Anderson* (10th Cir. 1942) 129 F.2d 756, 758

### III.  CONCLUSION

For these reasons, Plaintiff respectfully requests that this Honorable Court grant this motion to expedite the proceedings for adjudication of the motion for leave to amend and for such other and further relief as to the Court deems just and proper.

*Respectfully Submitted this 17th day of January*, 2024

                                                   ___*/S/ James K Tracy*___
                                                   James K. Tracy

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

CHRISTOPHER F. ALLRED, Utah Bar # 7801
*Weber County Attorney*
CHRISTOPHER K. CROCKETT, Utah Bar # 13679
COURTLAN P. ERICKSON, Utah Bar # 13921
Weber County Attorney's Office
2380 Washington Blvd., Suite 230
Ogden, UT 84401-1464
Telephone: (801) 399-8377
ccrockett@co.weber.ut.us
cerickson@co.weber.ut.us

*Attorneys for Defendants*

　　　　　　　　　　　　　　　　　　　　　　　　*/S/ James K Tracy*