THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| James K. Tracy,<br><br>    Plaintiff,<br>v.<br><br>Weber County et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:23-cv-90 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on a Motion to Dismiss filed by Defendants by Weber County Assessor, Weber County Treasurer, John Ulibarri, and John B. Bond.[1] Defendants seek dismissal under Rule 12(b)(1), or alternatively under Rule 12(b)(6), of the Federal Rules of Civil Procedure. Plaintiff James K. Tracy, who is proceeding pro se, moves the court for Leave to Amend the Complaint[2] and to Expedite these Proceedings.[3] For the reasons discussed herein, the court will grant Defendants' Motion,[4] deny the Motion to Amend, and deem moot the Motion to Expedite Proceedings.

## BACKGROUND[5]

Plaintiff owns property in Weber County. Defendants are Weber County, its agencies, and individuals that work in certain positions for Weber County such as the County Assessor and County Treasurer. "Defendants, each in his or its role, assessed an ad valorem property tax

---

[1] ECF No. 16.

[2] ECF No. 27.

[3] ECF No. 32.

[4] The parties consented to the jurisdiction of the undersigned with appeal directly to the Tenth Circuit Court of Appeals. ECF No. 19.

[5] Unless otherwise noted, the facts in this Order are taken from Plaintiff's Complaint and are presumed true for the purposes of this Order.

against Plaintiff's property in Weber County, placed it on the tax roll, notified Plaintiff of the taxes owed, and attempted to collect the taxes owed."[6] Plaintiff alleges Defendants are violating his Constitutional rights under both the United States Constitution and the Utah Constitution by assessing the ad valorem property tax. According to Plaintiff, this is an attempt to deprive him of "money and/or his property, which is not taxable by the law of the land, while lacking all appearance of due process and the rule of law, and are doing so under color of authority, statute, regulation, practice, custom, policy, and usage of state revenue codes."[7]

Plaintiff seeks injunctive relief under 28 U.S.C. § 2202,[8] requesting a permanent injunction prohibiting Defendants from interfering with Plaintiff's "substantive rights to own and possess property" under the Constitutions of both the United States and Utah. Plaintiff also seeks threefold real damages and punitive damages of "200 times the actual damages awarded in accordance with the laws of torts."[9] Mr. Tracy claims deprivation of protected rights under color of law, conspiracy to interfere with protected rights, and deprivation of property rights. Jurisdiction is allegedly proper before this court under the Seventh Amendment to the U.S. Constitution and 28 U.S.C. § 1331,[10] because this action arises under violations of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution and § 22 of the Utah Constitution.

---

[6] ECF No. 20 p. 3.

[7] Complaint p. 3, ECF No. 1.

[8] 28 U.S.C. § 2202 provides, "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

[9] Complaint p. 40.

[10] This is termed Federal Question jurisdiction. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## STANDARDS OF REVIEW

**I. Pro Se Filings**

The court is to construe a pro se litigant's pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers."[11] A liberal reading of a Plaintiff's complaint, however, "'does not relieve the Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim [can] be based.'"[12] Accordingly, it is not the proper function of a court to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf,"[13] and the court may not assume "the role of advocate for Plaintiff or any other pro se litigant."[14]22

**II. Motion to Dismiss**

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. A motion to dismiss under Rule 12(b)(1) can take one of two forms: (1) facial attacks "challeng[ing] the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true," or (2) factual attacks, "challeng[ing] the facts upon which subject matter jurisdiction depends."[15] The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.[16] A court is "'required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion

---

[11] *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[12] *Id.* (quoting *Hall*, 935 F.2d at 1110).

[13] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

[14] *Hall*, 935 F.2d at 1110.

[15] *Paper, Allied–Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).

[16] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

when resolution of the jurisdictional question is intertwined with the merits of the case.'"[17] Defendants argue the court lacks subject-matter jurisdiction under the Tax Injunction Act in considering the four corners of the Complaint.[18] Therefore, Defendants' Motion is a facial attack. With facial attacks, the court applies "the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action."[19]

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the non-moving party.[20] To survive dismissal, a plaintiff must plead both a viable legal theory and provide "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"[21] Plaintiff's reliance upon "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not suffice."[22] Further, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[23]

### III. Motion to Amend

Rule 15(a)(2) provides the court "should freely give leave when justice so requires."[24]

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant,

---

[17] *Paper, Allied-Indus.*, 428 F.3d at 1292 (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)).

[18] 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.").

[19] *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

[20] *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

[21] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[22] *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[24] Fed. R. Civ. P. 15(a)(2).

> repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'[25]

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[26] In similar fashion, dismissing a matter under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[27]

## DISCUSSION

### I.   Motion to Dismiss under Rule 12(b)(1).

Defendants move to dismiss this case under Federal Rule 12(b)(1) for lack of subject-matter jurisdiction. Defendants argue the court lacks subject-matter jurisdiction under the Tax Injunction Act, 28 U.S.C. § 1341. As noted above this is a facial attack on Plaintiff's complaint.

The Tax Injunction Act (TIA) provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."[28] "The TIA was enacted to limit federal court jurisdiction over state tax cases and to bar jurisdiction when federal court action would reduce state tax revenue, so that state taxpayers could not seek federal-court orders to avoid

---

[25] *Foman v. Davis*, 371 U.S. 178, 192, 82 S.Ct. 227, 230 (1962).

[26] *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir.1999).

[27] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991); *see Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (finding "no amendment could cure" the defects in the pro se complaint so dismissal was proper); *Smith v. City of Oklahoma City*, 669 F. App'x 505, 506 (10th Cir. 2016) (finding it would be futile to allow a pro se plaintiff to amend his complaint as it would not "cure its numerous deficiencies").

[28] 28 U.S.C. § 1341.

paying state taxes."[29] The Supreme Court has held that the TIA was a "remedy tailormade for taxpayers," that the TIA only applies in "cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes," and that the TIA does not apply to "third-party claims that would enlarge state receipts."[30] The facts of this case fit squarely within the reasoning of *Hibbs* and its progeny in applying and interpreting the TIA.[31] Plaintiff is using this court to raise questions of state or federal law questioning the validity of certain taxes, in this instance an ad valorem property tax against Plaintiff's property.

Plaintiff's attempts to overcome the TIA's subject-matter jurisdiction restrictions, along with *Hobbs* and its progeny fail. Mr. Tracy goes to great length arguing the tax on his property is a "commercial tax", no nexus between his property and commercial activity exists, and he is not a "taxpayer" as asserted by Defendants. These arguments fail. Article I, Section 8, Clause 1 of the United States Constitution refers to the congressional taxing power and is inapplicable to state property taxes. Similarly, citations to cases involving a "corporation tax" are inapplicable.[32] Plaintiff's litany of numerous other cases and common law principles also fail to persuade the court that it has jurisdiction. The jurisdiction of federal courts is limited. "[T]here is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden

---

[29] *Union Pac. R.R. Co. v. Utah State Tax Comm'n*, 2019 WL 3225755, at *2 (D. Utah July 17, 2019) (citing *Hibbs v. Winn*, 542 U.S. 88, 104-07 (2004); *Burns v. Conley*, 526 F.Supp.2d 235, 240-41 (D.R.I. 2007)).

[30] *Hibbs*, 542 U.S. at 107-109; *see also, e.g.*, *BellSouth Telecomms., Inc. v. Farris*, 542 F.3d 499, 504 (6th Cir. 2008) (discussing the applicability of the TIA); *Luessenhop v. Clinton County*, 466 F.3d 259, 268 (2nd Cir. 2006)("The reasoning of *Hibbs* guides our interpretation of the TIA); *Sells v. Malloy*, 510 F.2d 74, 77 (2nd Cir. 1975) ("Congress was thinking of cases where taxpayers were repeatedly using the federal courts to raise questions of state or federal law going to the validity of the particular taxes imposed upon them"); Burns v. Conley, 526 F. Supp. 2d at 240 ("After Hibbs, therefore, the TIA reaches cases only in which state taxpayers seek federal court orders enabling them to avoid paying state taxes or where the taxpayer intends to frustrate the collection of state tax revenue.").

[31] *See id.* fn. 30.

[32] *See Flint v. Stone Tracy Co*, 220 U.S. 107, 142 (1911).

of proof."[33] The court finds that Plaintiff has failed to meet that burden notwithstanding Plaintiff's attempts to do so. Thus, the court lacks subject-matter jurisdiction and the case must be dismissed.

## II. Motion to Dismiss under Rule 12(b)(6)

Defendants move in the alternative, to dismiss this case under Rule 12(b)(6). This request appears to have persuasive value. However, given the court's prior holding that it lacks subject-matter jurisdiction under the TIA, the court need not engage in an analysis of Plaintiff's Complaint under Rule 12(b)(6).

## III. Motion to Amend

Plaintiff's motion for leave to amend is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure.[34] Under this rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires."[35] The decision about whether to provide a party leave to amend pleadings "is within the discretion of the trial court."[36] Generally, in the "absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance, futility of amendment ... the leave sought should, as the rules require, be 'freely given.'"[37] The purpose of Rule 15 being, "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[38]

---

[33] *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991).

[34] *See* Fed. R. Civ. P. 15(a)(2).

[35] *Id.; see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

[36] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted)

[37] *Foman*, 371 U.S. at 182.

[38] *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Plaintiff seeks leave to amend to "add one new claim that goes to the heart of the constitutional violations alleged, as well as to add an additional defendant that is incorporated in his individual and official capacity."[39] The new Defendant is Ricky Hatch in his individual and official capacity as Auditor for Defendant Weber County. Allegedly Mr. Hatch played an "integral role" in the constitutional violations against Plaintiff. Defendants contend that Plaintiff's proposed amended complaint is futile. The court agrees, thus negating a need to allow Plaintiff to amend his Complaint.

Under the liberal standard for amending pleadings, a "district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[40] A proposed amendment is futile where "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[41]

The court has considered Plaintiff's proposed Amended Complaint under the liberal standards given to pro se litigants, and under the generous standards for amending pleadings. Notwithstanding these standards, the court finds the amendment is futile because the court still lacks subject-matter jurisdiction over the Amended Complaint.

IV.   **Plaintiff's Motion to Expedite these Proceedings under 28 U.S.C. § 1657(a).**

Plaintiff recently moved the court pursuant to 28 U.S.C. § 1657(a) to expedite these proceedings. 28 U.S.C. § 1657(a) directs courts to expedite consideration of certain actions,

---

[39] Mtn. p. 4, ECF No. 27.

[40] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted).

[41] *Cohen v. Longshore*, 621 F.3d 1311, 1314-15 (10th Cir. 2010) (quotation marks and internal citation omitted) (emphasis added).

including those seeking temporary or preliminary injunctive relief. The court finds this motion MOOT now given its disposition of the Motion to Dismiss and Motion to Amend.

**ORDER**

For the reasons set forth above, the court GRANTS Defendants' Motion to Dismiss under 12(b)(1) and DENIES Plaintiff's Motion to Amend. Plaintiff's Motion to Expedite these Proceedings is deemed MOOT.

IT IS SO ORDERED.

DATED this 4 March 2024.

_____
Dustin B. Pead
United States Magistrate Judge